SEALED DOCUMENT PURSUANT
TO E-GOVERNMENT ACT OF 2002

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2009 AUG 31 P 3: 23
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) SA09CR676XR |
| | ) CRIMINAL NO. _____ |
| V | ) |
| VICTOR FERNANDO GARATE | ) |
| Defendant. | ) |

## AFFIDAVIT IN SUPPORT OF CRIMINAL INFORMATION

I, Gregory P. Pratt, do hereby state and depose as follows:

I am a Special Agent with the Federal Bureau of Investigation (FBI), United States Department of Justice. I have been employed by the FBI since February 1, 1998.

In the course of my duties as a Special Agent of the FBI, I am charged with investigating criminal violations of the laws of the United States, including Title 18 United States Code (U.S.C.) § 1343 (Wire Fraud), 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Criminally Derived Property); and 18 U.S.C. § 2 (Aiding and Abetting). I have attended FBI-sponsored training pertaining to white collar crime, including public corruption, fraud against the government, and money laundering.

The facts set forth in this affidavit are based on my personal knowledge, knowledge obtained during my participation in this investigation from other individuals, including other law enforcement officers, interviews of cooperating individuals, review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a Criminal Information, it does not set forth each and every fact that I or others have learned during the course of this investigation.

At all times relevant, the Export-Import Bank of the United States (Ex-Im Bank) was an agency of the United States, headquartered in Washington, D.C. It was the official export credit agency of the United States. The mission of Ex-Im Bank was to assist in the export of United States goods to companies in foreign countries. Lenders in the United States, including Toronto Dominion, named in the Information, loaned millions of dollars to companies in Mexico based upon export credit insurance issued by Ex-Im Bank.

Defendant lived in Comfort, Texas, and owned and operated Ductor, Inc. (Ductor). Beginning in or about February of 2003, and continuing until in or about July of 2005, in the Western District of Texas, and elsewhere, Defendant, Victor Fernando Garate, along with Andrew Maxwell Parker (Parker) and others, defrauded the United States and Ex-Im Bank by

obtaining loans purportedly for equipment to be exported to Mexico, when all or part of the loan proceeds were diverted illegally by Defendant and others.

Defendant and others solicited borrowers in Mexico and solicited the creation of false documents, including bogus bills of lading and bogus invoices. Defendant and others submitted the false documents to lenders in order to support applications for loans, knowing that in most cases the false information would be submitted to Ex-Im Bank to obtain export credit insurance and/or guarantees for the loans. The lenders sent the loan proceeds to Parker's bank account in San Antonio, Texas via wire transmission for the purchase of goods to be exported. Defendant Garate and Parker illegally converted loan proceeds for their personal benefit, and for the personal benefit of others.

In 2004, Defendant and others, identified Nafarms S.A. de C.V. (Nafarms) of Sinaloa, Mexico as a potential borrower. Defendant, Parker, and others assisted Nafarms in submitting a loan application to the Toronto Dominion Bank (TDB). The stated purpose of the loan was to enable Parker of San Antonio Trade Group (SATG) to purchase greenhouse equipment for export to Nafarms in Mexico. In reality, Parker and Defendant intended to convert the loan proceeds to their own use and benefit, and the use and benefit of other persons. To support the loan application, Defendant and others created and knowingly submitted a bogus invoice and bogus shipping documents to TDB.

TDB applied to Ex-Im Bank for export credit insurance on the proposed loan from TDB to Nafarms in the amount of $1,593,755. Ex-Im Bank issued an export credit insurance policy on the loan, and TDB funded the loan. On or about June 2, 2004, TDB caused Bank of America, New York, New York, to wire loan proceeds in the amount of $1,593,755 to Parker's SATG Comerica Bank account in San Antonio, Texas for the purchase of goods for export to Nafarms in Mexico. Rather than purchase greenhouse equipment for export, Parker kept a portion of the proceeds, and used an additional $500,000 of proceeds for the down payment on the purchase of his residence located at 407 E. Wildwood, San Antonio, Texas. Parker transferred the remainder of the loan proceeds to Defendant Garate's bank account at Wells Fargo Bank in the name of Ductor, Inc. At the behest of Parker, Defendant Garate wired the funds to other persons and to other bank accounts.

Defendant Garate knew that Parker did not purchase greenhouse equipment as required under the terms of the loan. The loan went into default after the first payment. TDB, the insured, filed a Notice of Claim and Proof of Loss with Ex-Im Bank. On or about January 3, 2006, Ex-Im Bank authorized payment of $1,552,199.69 from the United States Treasury to TDB on the export credit insurance claim.

During the time of the scheme, at the behest of Parker, Defendant Garate transmitted criminally derived loan proceeds by wire transmission from bank accounts set up for the purpose of concealing the source of the funds. On or about April 26, 2004, Parker sent an email to Defendant Garate and asked him to "move" money to Towbin Jeep Eagle of Las Vegas, Nevada. On or about April 28, 2004, Defendant Garate caused another person to transmit $241,720.55 of criminally derived loan proceeds from an account at Frost Bank in San Antonio, Texas, in the name of Data Trade, Inc. to US Bank of Nevada, Reno for the benefit of Towbin Motorcars in Las Vegas, Nevada. The Defendant transmitted funds for the purchase of a Ferrari automobile for Parker.

Defendant Garate knew that more than $10,000 of the funds were criminally derived proceeds of the above-described wire fraud scheme. Frost Bank and US Bank of Nevada, Reno

are financial institutions. The transmission of funds for Towbin Jeep Eagle was a monetary transaction in and affecting interstate commerce, and occurred within the United States.

The foregoing is true and correct to the best of my knowledge, information and belief.

*Gregory P. Pratt*
Gregory P. Pratt
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN TO BEFORE ME on this the 6th day of August, 2009

RACHEL R. CORDERO
Notary Public, State of Texas
My Commission Expires
November 25, 2012

*Rachel R. Cordero*
NOTARY PUBLIC
STATE OF TEXAS

Probable cause found: ✓

No probable cause found: _____

DATE: AUGUST 31, 2009

UNITED STATES MAGISTRATE JUDGE

3